UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

AUSTIN W. EDWARDS,

    Petitioner,

v.                                        CASE NO.:  5:23-cv-140-JLB-PRL

WARDEN, FCC COLEMAN - LOW,

    Respondent.
_____/

## ORDER

On March 2, 2023, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241.  He argues that the Federal Bureau of Prisons erred by failing to award him program-based time credits as codified under 18 U.S.C. § 3632.  (Doc. 1.)  Respondent moves to dismiss the petition without prejudice due to Petitioner's failure to exhaust administrative remedies.  (Doc. 5.)  Despite being afforded an opportunity to reply, (see Doc. 3), Petitioner has not responded.

Under the First Step Act of 2018, Pub. L. No. 115-391, §§ 101-102, 132 Stat. 5194, eligible inmates who successfully complete certain evidence-based recidivism reduction programming or productive activities may receive time credits to be applied toward time in pre-release custody or supervised release.  See 18 U.S.C. § 3632(d)(4)(A), (C).  Calculating credits towards an inmate's sentence is an administrative function of the BOP, and federal regulations give prisoners administrative avenues to challenge the BOP's computation of their credits.  See

28 C.F.R. §§ 542.10–542.19. The BOP has established the Administrative Remedy Program, which allows an inmate "to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10.

Although exhaustion of administrative remedies is not a jurisdictional requirement in a section 2241 proceeding, "that does not mean that courts may disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense." Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015). To properly exhaust administrative remedies, a petitioner must comply with an agency's deadlines and procedural rules. See Woodford v. Ngo, 548 U.S. 81, 90–91 (2006) (addressing the exhaustion requirement in the Prison Litigation Reform Act).

Here, Petitioner contends that such an attempt is futile. (Doc. 1 at 10.) If such an exception is applicable, futility exceptions apply only in "extraordinary circumstances" and require the petitioner to bear "the burden of demonstrating the futility of administrative review." Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). On the record presented, Petitioner has failed to establish such extraordinary circumstances.

Exhaustion in the context of earned time credit calculation is especially important because the relief Petitioner seeks is not straightforward. It contains many variables that this Court is not fully equipped to consider in the first instance. See Villegas-Escobar v. Derr, No. 22-cv-500, 2023 WL 1993936, at *4 (D. Haw. Feb.

14, 2023) ("[C]oncerns regarding exhaustion are particularly relevant to time credits under the First Step Act."). Instead, this case presents the need for an individualized review of the BOP programming Petitioner has taken and the number of credits he has earned. Also, a prisoner's security level and the risk and needs assessment can change under various circumstances, including opting out of programming or violating prison rules. For these reasons, it is the Court's opinion that the BOP is in the best position to first address Petitioner's concerns through the administrative remedy process. See id.; see also Garten v. Pistro, No. 5:22-cv-218, 2023 WL 2090281, at *1 (N.D. Fla. Feb. 17, 2023) ("That is so because the Court can only resolve legal issues in the context of a discrete case, and unless and until BOP is given an opportunity to resolve the issue in the petitioning inmate's case, there is no ripe controversy for the Court to resolve.").

Accordingly, the petition is due to be dismissed without prejudice for Petitioner's failure to exhaust administrative remedies.

Accordingly, it is now

**ORDERED:**

1. This above-captioned case is **DISMISSED without prejudice** for failure to exhaust administrative remedies.

2. The Clerk is **DIRECTED** to enter judgment, terminate any pending motions or deadlines, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida this 29th day of September 2023.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

SA: OCAP-2
Copies: All Parties of Record

4